```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/24/14
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                               :

GUSTAVO ORANGEL PARADAS
MARTINEZ,                           :          14 Civ. 2629 (WHP)

            Petitioner,      :          10 Cr. 595 (WHP)

            -against-       :          <u>MEMORANDUM & ORDER</u>

UNITED STATES,                 :

            Respondent.   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

WILLIAM H. PAULEY III, District Judge:

        Petitioner Gustavo Orangel Paradas Martinez pled guilty to one count of illegal reentry in violation of 18 U.S.C. § 1326(a) & (b)(2) and one count of possession of a false identification document with the intent to defraud the United States in violation of 18 U.S.C. § 1028(a)(4). On January 28, 2011, this Court sentenced Martinez principally to 50 months of imprisonment. This Court entered a judgment of conviction on February 4, 2011. <u>See</u> <u>United States v. Martinez</u>, No. 10 Cr. 595 (WHP) (S.D.N.Y.) (Doc. No. 19).

        On April 1, 2014, Martinez filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.[1] Generally, a prisoner must file a motion under § 2255 within one year of the latest of four events:

        (1) the date on which the judgment of conviction becomes final;

        (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such

---

[1] Under the "prison mailbox rule," Martinez's motion is deemed to have been filed on the date he gave it to prison officials to be sent to the Clerk of Court. <u>See</u> <u>Noble v. Kelly</u>, 246 F.3d 93, 97-98 (2d Cir. 2001).

>governmental action;
>
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Martinez did not appeal his conviction, so it became final on February 18, 2011, when the time for filing an appeal expired. See Fed. R. App. P. 4(b); Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005). Because Martinez filed his motion three years after his judgment of conviction became final and none of the other events clearly applied, this Court directed him to file an affirmation showing why his motion is timely.

Martinez asserts he was unable to file his motion within a year of when the judgment of conviction became final because between February 2011 and February 2014, he was transferred among various detention facilities 16 times, and most of them did not have computers or law books to assist him in preparing his writ. The first step he took toward preparing a habeas petition was in March 2013, when he unsuccessfully sought assistance in learning the filing procedure. Martinez also claims that in January or February 2014, he sought an extension of time to file this proceeding. While this Court has not seen that letter, it does not affect the legal issue presented.

A prisoner seeking habeas relief is "'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005)).

Neither requirement is satisfied here. The typical difficulties attendant to prison life, including transfers and limited access to law libraries, are not by themselves "extraordinary circumstances." See, e.g., Hernandez v. Khahaifa, 2013 WL 3984958, at *13 (S.D.N.Y. July 31, 2013); Montalvo v. Strack, 2000 WL 718439, at *2 (S.D.N.Y. June 5, 2000) (finding prison transfers did not constitute "extraordinary circumstances").

And Martinez has not shown that he diligently pursued his rights despite what obstacles may have impaired his ability to prepare a habeas petition. His affirmation alleges no effort to file a habeas motion until March 2013, and all Martinez did at that time was "seek assistance" in learning how to file his motion, which he claims was unsuccessful. Because Martinez did not take any affirmative step toward filing his motion until it was already a year too late, he failed to pursue his rights diligently.

A certificate of appealability can only be issued if a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Despite this wording, if a district court dismisses a habeas petition on procedural grounds without reaching the constitutional merits, a certificate of appealability will only issue if "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Martinez has not made that showing.

## CONCLUSION

Martinez's motion is denied as untimely. A certificate of appealability will not be issued. See 28 U.S.C. § 2253. This Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to mark 14 Civ. 2629 closed and to terminate the motion pending at Docket No. 25 in 10 Crim. 595.

Dated: June 24, 2014
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Copy to:*

Gustavo Orangel Paradas Martinez
63369-054
FCI Bennettsville
Federal Correctional Institution
P.O. Box 52020
Bennettsville, SC  29512
*Petitioner Pro Se*